STATE OF NORTH CAROLINA v. CHARLES LLOYD HOLT

No. 7117SC663

(Filed 29 December 1971)

**Criminal Law § 168— construction of charge as a whole**

> A charge must be construed contextually, and isolated portions of
> it will not be held prejudicial when the charge as a whole is correct.

APPEAL from *Martin, Special Judge, (Robert M.),* 5 April
1971 Session ROCKINGHAM Superior Court.

The defendant was tried on a two-count bill of indictment
charging him with felonious breaking and entering and with
felonious larceny of a quantity of rifles, pistols and shotguns.
The defendant entered a plea of not guilty to the charges. He
was found guilty by the jury and a prison sentence was imposed.
The defendant appealed, assigning errors to the charge of the
trial judge to the jury.

*Attorney General Robert Morgan by Assistant Attorney
General William F. Briley for the State.*

*Leigh Rodenbough for defendant appellant.*

CAMPBELL, Judge.

The evidence on behalf of the State tends to show that de-
fendant and Franklin Monroe Suits on Saturday afternoon, 7
March 1970, went to Reidsville, North Carolina, and on one of
the highways just outside of Reidsville went into a sporting
goods store operated by Leroy Pegram. They went in for the
purpose of looking over the store and its contents. While they
were in the store, Pegram, the owner, waited upon them. They
were in the store only a few minutes and then later that night,
after the store had been closed, they returned and removed a
ventilator fan from the rear of the store building, and in that
way obtained access to the inside. They took between $5,000
and $8,000 worth of rifles, shotguns and pistols. They then went
to the State of Georgia where the defendant lived and proceeded
to sell the loot. Some two weeks later Suits was incarcerated in
the Rockingham County Jail on another charge of breaking and
entering. Suits sent word to the Sheriff that he desired to talk
and thereafter made a complete and voluntary disclosure as to

this particular involvement with the defendant. This disclosure by Suits resulted in the charges against the defendant and his subsequent trial. At the trial Suits testified against the defendant, and it was his testimony, together with some other corroborating evidence, which constituted the evidence for the State. The defendant offered no evidence.

All of the assignments of error are directed to the charge of the trial court to the jury.

A charge must be construed contextually, and isolated portions of it will not be held prejudicial when the charge, as a whole, is correct. *State v. McWilliams,* 277 N.C. 680, 178 S.E. 2d 476 (1971). In the instant case the charge as a whole presents the law fairly and clearly to the jury. We have considered each assignment of error, and the charge was full, fair and in no way prejudicial.

We find

No error.

Judges MORRIS and PARKER concur.