STATE OF NORTH CAROLINA v. ARVIL LEE JOHNSON

No. 7217SC451

(Filed 28 June 1972)

**Homicide § 23— instructions**

Although two isolated portions of the court's charge in a homicide prosecution might be regarded as erroneous when taken out of context, the charge as a whole presented the law fairly and clearly to the jury and was free from prejudicial error.

APPEAL by defendant from *Crissman, Judge,* 3 January 1972 Session, Superior Court, SURRY County.

Defendant was charged with first degree murder. At trial, the solicitor announced that the State would proceed on the charge of second degree murder or manslaughter, as the evidence might warrant. Defendant entered a plea of not guilty. The jury returned a verdict of guilty of second degee murder. Defendant appeals from the judgment entered. He was represented at trial by court-appointed counsel and is represented on appeal by the same counsel appointed by the court.

*Attorney General Morgan, by Staff Attorney Davis, for the State.*

*Carroll F. Gardner for defendant appellant.*

MORRIS, Judge.

Defendant's only assignments of error are directed to two portions of the court's instructions to the jury. These two isolated portions of the charge taken out of context as they are and standing alone, might be regarded as erroneous. However, the charge to the jury must be construed contextually and not in detached parts. *State v. McWilliams,* 277 N.C. 680, 178 S.E. 2d 476 (1971) ; *State v. Holt,* 13 N.C. App. 339, 185 S.E. 2d 429 (1971), cert. denied 280 N.C. 303 (1972). Here the charge as a whole presents the law fairly and clearly to the jury and is free from prejudicial error.

No error.

Judges VAUGHN and GRAHAM concur.